**In re PATTERSON.**

Patent Appeal No. 3142.

Court of Customs and Patent Appeals.

May 22, 1933.

Carl T. Mack, of Washington, D. C. (Royce A. Ruess, of Washington, D. C., and John A. Naismith, of San Jose, Cal., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting all of the claims of appellant's application, 1 to 9, inclusive, for want of invention over the prior art.

Claims 1, 3, and 8 are illustrative of the claims on appeal and read as follows:

" 1. A playground apparatus comprising, a central support, a plurality of annularly disposed supports concentrically positioned relative to the central support, vertically spaced members connecting the annularly disposed supports, and radially disposed bars connecting the central support and the annular structure.

"3. A playground apparatus comprising, a central vertical support, an annular structure including spaced vertical supports and vertically spaced horizontally disposed connecting bars concentrically arranged relative to the central support, a plurality of series of vertically spaced horizontally disposed radial bars connecting the central support and the surrounding structure, the radial bars of one series being offset with relation to the radial bars of another series.

"8. A playground apparatus comprising, a central supporting structure forming a well, an outer structure formed of vertically and horizontally disposed bars, and radially disposed bars arranged in vertically spaced horizontal planes mounted upon and connecting said structures."

The references relied upon are: Hinton, 1,471,465, October 23, 1923; Hinton, 1,488,-246, March 25, 1924; Hanlon, 1,707,854, April 2, 1929.

The alleged invention is described in the statement of the Examiner as follows: " * * * The device consists of a number of vertical supports arranged in a circle. Disposed at the center of the circle is another support. Annular members are positioned at vertically spaced intervals upon the circle of supports. A number of rods radiate from the central post and rest upon the annular members and are arranged at spaced intervals. Arranged concentrically with the said annular members are a plurality of similar members of a lesser diameter and resting upon the radial rods. A structure is thus formed upon which children may climb and thus obtain exercise and recreation."

There should be added to said description the fact that appellant also discloses in his application an arrangement whereby the horizontal radial bars of one series in the device are offset with respect to the radial bars of another series.

The references disclose playground structures in the shape of stands provided with bars extending vertically and horizontally, and these stands are used by children on the playground for climbing, as is appellant's structure. None of the references, however, show structures annular in form, nor do they show one series of horizontal bars offset with respect to the horizontal bars of another series.

The Board of Appeals agreed with the Examiner that appellant's arrangement is merely a matter of preference in design, and that, it being similar in construction, use, and purposes, and differing solely in design, it is not patentable over the references cited.

We think both tribunals of the Patent Office failed to give sufficient consideration to certain features of appellant's device distinguishing it from the devices shown in the references. These distinguishing features consist of a support in the center of the device, the arrangement of the outside posts in a circle, and the arrangement of the radial crossbars out of alignment vertically.

The feature of the central support with radial bars extending to the outer circle provides narrow spaces between the bars near said central support and comparatively wider spaces between said bars near the outer circle, thus enabling younger children to climb around the device toward the inner part of the device and older children to climb around the device toward the outer portion thereof. The device being circular in form, children are enabled to display a natural tendency to move in curved or circular paths, as is illustrated by many children's games and amusements. The feature of the radial bars, one series being offset with relation to the radial bars of another series, enables small children to use the lowest series of bars for trapeze purposes, and larger children to use the next higher series of bars, offset from the lower series, for the same purposes. The offset feature also enables children to climb more readily about the device. It seems clear that appellant's device may be utilized for play by children of different ages to a much greater extent than is afforded by the devices in the prior art.

These features, we think, involve more than a mere preference in design, and we are of the opinion that they would not be obvious

from a study of the prior art, but involved the exercise of the inventive faculty.

Claims 3 and 5 include all of the features above discussed, and claims 1, 2, 4, 6, and 7 include them all except the feature of the off-set of the radial bars. We hold that all of said claims should have been allowed.

With respect to claims 8 and 9, we find that they do not include features hereinbefore discussed which we hold involved the exercise of the inventive faculty, and we do not think that they present any patentable distinction over the prior art.

For the reasons stated, the decision of the Board of Appeals is reversed as to claims 1 to 7, inclusive, and affirmed as to claims 8 and 9.